IN THE

# SUPREME JUDICIAL COURT

FOR

## THE COUNTY OF WASHINGTON, JUNE TERM, 1832.

*Memorandum.*—The Chief Justice was not present at this term.

## The President, &c. of WILLIAMS COLLEGE vs. BALCH.

Where a deputy sheriff has collected money on execution, which he has neglected to pay over, the limitation of four years, applied by *stat.* 1821, *ch.* 62, to all actions against sheriffs for the misconduct of their deputies, commences with the return day of the execution.

Therefore where the amount of an execution had been collected, and the execution returnable, more than four years, but within that period a demand had been made upon the deputy for the money, and an action brought against the sheriff, to recover the same with interest at thirty *per cent.* under *stat.* 1821, *ch.* 92, it was held that the action was barred by the statute of limitations.

THIS was an action of the case against the late sheriff of this county, to recover a sum of money, collected by *Simeon Bradbury,* one of his deputies, on an execution in favor of the plaintiffs, together with interest thereon at the rate of thirty *per cent.* The execution issued *Oct.* 30, 1826, and was returnable *Jan.* 30, 1827; but had never been returned. The money was received by the

Williams College v. Balch.

deputy *Nov.* 21, 1826, and was demanded of him *Feb.* 19, 1830. The present action was commenced *Feb.* 12, 1831. The question was whether the suit was commenced "within four years next after the cause of action," within the meaning of *Stat.* 1821, *ch.* 62, *sec.* 16; and a default was entered, subject to the opinion of the Court upon this point.

*Fessenden, Deblois & Fessenden,* for the plaintiffs, submitted a written argument in the last vacation, in which they relied on the statute as raising a distinct and substantive cause of action, upon the fact of the nonpayment of the money upon demand. The officer, they contended, was not bound to have the money at court upon the return day of the execution; nor to carry it to the creditor. It was his duty merely to keep it till demanded. *Wakefield v. Lithgow,* 3 *Mass.* 249; *Wilder v. Bailey, ib.* 295; *Barnard v. Ward,* 9 *Mass.* 269. The present cause of action may exist before the return day of the execution; and it has no connexion with an action for not making a return. The latter omission may be justifiable by the casual loss or destruction of the precept, and yet the officer be liable to the present suit. This action arises only upon demand actually made. To say that it is merged in the action for not returning the execution, is to say that it was merged three years before it existed; and goes virtually to repeal the wholesome restraints enacted by the statute on which this action is founded.

*Allen,* for the defendant, cited *Weld v. Bartlett,* 10 *Mass.* 470; *Young v. Hosmer,* 11 *Mass.* 89; *Miller v. Adams,* 16 *Mass.* 456; *Mather v. Green,* 17 *Mass.* 60.

The opinion of the Court was delivered at this term, as drawn up by

MELLEN C. J. This action is founded on the 3d *sec.* of *Stat.* 1821, *ch.* 92, which is in these words; "That if any sheriff or his deputy shall unreasonably neglect or refuse to pay to any person, any money, received by him upon execution, to the use of such person, upon demand thereof being made, he shall forfeit and pay

Williams College v. Balch.

to such person five times the lawful interest of such money, so long as he shall unreasonably detain the same, after such demand is made." The defence is placed upon the 16th *sec.* of *Stat.* 1821, *ch.* 62, which is in these words; "That all actions against sheriffs for the misconduct and negligence of their deputies, shall be commenced and sued within four years, next after the cause of action." In this case the action was not commenced till more than four years after the return day of the execution, on which it was received ; but the money was demanded of *Bradbury,* the deputy, within the four years ; and the suit was brought about one year after the demand. The execution has never been returned to the clerk's office. The general question, and indeed the principal one in the case is, what construction should be given to the last quoted section ; or, in other words, when the cause of the plaintiffs' action accrued ; or what is to be considered, in such cases, as constituting the cause of action. It is a question not easily answered in such a manner as to give full effect to the language of the section, and at the same time, secure to the sheriff the protection and immunity, which seem plainly to have been intended by the legislature. Was it the design of those who enacted the law, that when a deputy had collected a sum of money on execution, the creditor might, by suffering it to lie in his hands undemanded for ten, fifteen or eighteen years, continue the sheriff's liability during all that time, and by demanding the money at the end of that period, continue that liability four years longer? If so, it is inquired, of what use to the sheriff is the limitation of the statute before mentioned? Was not the limitation imposed to prevent delay on the part of the creditor, and not sanction it in the way contended for by the plaintiffs? Was it intended that the sheriff should be thus placed at the mercy of the creditor, and subjected to his control? It is true that before a demand, the deputy might go to the creditor and pay over the money collected ; still, by law, he is not obliged to do it ; and the sheriff has no power to compel him so to do. What construction must we give to the words " cause of action," as used in the before quoted section ? The same words are chiefly employed in the general statute of lim-

itations. In the 3d section it is enacted that actions upon the case for words shall be commenced within two years "next after the words spoken, and not after." That actions of trespass, of assault, battery, wounding, imprisonment, or any of them, within three years "next after the cause of such actions or suits, and not after." In the above mentioned cases, no question can arise as to the time when the cause of action accrues. The section further provides that all actions on the case, (except for slander,) actions of account, trespass, debt, detinue and replevin and actions of trespass *quare clausum fregit,* shall be commenced within six years, "next after the cause of such actions or suits and not after." In the before mentioned actions of trespass, trespass *quare clausum fregit,* replevin and detinue also, no doubt can exist as to the time when the cause of action accrues. In actions of account, case in *assumpsit,* and debt, the time when the cause of action accrues, depends on the nature and terms of the contract between the parties, as where by those terms an account is to be rendered, a sum of money is to be paid, or an act done at some future day. In such cases also, it is easy to determine when a cause of action accrues. In cases of trover, where the property came lawfully into the defendant's possession, and there has been no unlawful appropriation of it, no cause of action exists before demand and refusal; for till then no rights are violated or wrong done. So in actions on the case for torts, the cause of action accrues, generally, when the tort is committed; though in some cases of concealment of it by the wrong doer, not until the wrong and injury have been discovered. Now in all these cases, the cause of action exists when a person has a right to demand of another a sum of money as due to him; or damages for an injury done to him, or property belonging to him; subject only to the exception above mentioned. The view thus taken of the provisions of the general statute of limitations, may aid us in ascertaining the meaning of the words "cause of action," as used in the particular limitation of actions against sheriffs. In all the cases before mentioned (except those of concealment by the defendant, above stated) a cause of action accrues when the wrong complained of is com-

mitted; and in all cases of express contract, the cause of action accrues at the time the contract is made, unless by the terms of it, a future day of payment or performance is appointed; in both which cases, the right to demand payment or performance and the cause of action, accrue at one and the same time; and such also is the case in relation to implied contracts. In the case under consideration, the time when the right to demand the money collected, and the time when the cause of action accrued, ought, in justice, to be considered also as one and the same time; and the question is whether the legislature intended to separate them; and whether by the words " next after the cause of action," they did not intend, next after the creditor had a perfect right to demand of the deputy, the money collected on execution. We think they did; and we confess, that in the construction of this particular statute limitation, we do not perceive how we can arrive at any other conclusion, without depriving sheriffs of the protection which the limitation was expressly designed to afford them. In the case at bar, the creditor's attorney, on inquiry, might have ascertained that the execution was not duly returned; he might then have made a demand on the deputy for the contents of the execution. This he neglected to do for three years, or nearly that time; and after such demand, neglected to commence the action until after the expiration of four years from the return day of the execution. On that day we think, in this case, and in the construction of this statute provision, the cause of action must be considered as having accrued; and of course the action is barred. Accordingly the default must be taken off, and a nonsuit entered.